★ DEC 30 2009 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL  BROOKLYN OFFICE

DAVID ASHBY

          Plaintiff(s),

CV 09 - 5716

CASE No.: _____

-against-

THE CITY OF NEW YORK,
P.O. JERRY BOWENS,
POLICE OFFICER(S) "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).
          Defendant(s).

COMPLAINT

PLAINTIFF(S) DEMAND
TRIAL BY JURY

DEARIE, CH. J

BLOOM, N

    Plaintiff DAVID ASHBY, by his attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff is also asserting supplemental state law tort claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DAVID ASHBY, born in 1988, is a African American male, a citizen of the United States, and at all relevant times a resident of the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendant P.O. JERRY BOWENS was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

12. On October 6th, 2007 at approximately 10 PM plaintiff was legally in front of 2949 W. 23rd St. in Brooklyn, NY 11224.

13. While at the aforementioned time and place two plain clothes New York City police officers approached plaintiff and placed him under arrest.

14. One of the arresting officers was P.O. BOWENS.

15. The arrest was without probable cause, a warrant or consent.

16. While being arrested plaintiff was thrown face first to the ground while handcuffed.

17. Plaintiff was taken to the 60th Precinct.

18. Plaintiff was strip searched at the precinct.

19. While being strip searched P.O. BOWENS inserted his finger into plaintiff's anus.

20. Plaintiff was then transported to central booking.

21. All charges were dismissed against plaintiff on 1/26/2008.

22. Plaintiff was kept in custody for a parole violations stemming from this arrest until 6/18/2008.

23. Plaintiff was eventually released on 6/18/2008.

24. Plaintiff spent approximately 256 days incarcerated from this arrest.

25. At the above time and place plaintiff was wrongfully arrested without a warrant, probable cause, or consent.

26. There was no reasonable suspicion of wrongdoing when plaintiff was approached, seized, detained, arrested and prosecuted.

27. At all times during the events described above, the defendant police officers were

engaged in a joint venture and formed an agreement to violate plaintiff's rights.

28. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

29. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

30. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

31. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The acts complained of deprived plaintiff of his rights:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have excessive force imposed upon him;

  E. Not to have summary punishment imposed upon him; and

  F. To receive equal protection under the law.

**WHEREFORE,** plaintiff demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: <u>12/28/2009</u>
Brooklyn, NY

Attorney for Plaintiff(s)
PAUL HALE ESQ. [PH-8273]
26 Court Street, Suite 1901
Brooklyn, NY 11242
PHONE: (718) 554-7344